UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20064
Summary Calendar
_____

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,

Plaintiff-Appellee,

versus

THERMON JAMES FLANIGAN; ET AL.,

Defendants,

THERMON JAMES FLANIGAN

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-97-CV-3812)
_____

December 15, 1999

Before SMITH, BARKSDALE, and PARKER Circuit Judges.

PER CURIAM:[*]

Thermon James Flanigan, *pro se*, appeals the summary judgment
award of Serviceman's Group Life Insurance (SGLI) benefits, arising
out of his wife's death, to her parents, instead of to her stepson
(his biological son).

I.

Antoinette Flanigan, Flanigan's wife, died in February 1996.
At the time of her death, she was insured by SGLI for $200,000,
naming her father and Flanigan as beneficiaries for half of the

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

proceeds respectively. There was *no* contingent beneficiary designated.

Flanigan was convicted in October 1996 of first degree murder in the death of his wife, making him statutorily ineligible to receive the insurance proceeds. Only the proceeds designated for Flanigan, and whether his son is entitled to them, are at issue in this appeal.

In November 1997, Prudential brought this interpleader action to determine the beneficiary for the proceeds that were to have been received by Flanigan. In June 1998, Prudential advised the district court that the insured might have been survived by a child, Christopher Flanigan, a minor, and requested the appointment of an attorney *ad litem*. The court did so; and that November, the attorney reported to the court that Christopher Flanigan was *not* the biological or adopted child of Antoinette Flanigan; and was, therefore, *not* entitled to the proceeds. Counsel moved for dismissal. By summary judgment that December, the court dismissed Christopher Flanigan from the action and awarded the proceeds to the parents of the insured.

## II.

### A.

After summary judgment was entered, Flanigan entered an undated notice of appeal; it was received on 8 January 1999, more than 30 days after the 4 December 1998 judgment; and is, therefore, untimely. *See* FED. R. APP. P. 4(a)(1)(A).

By letter dated 14 December 1998 (received by the district court on 21 December), however, Flanigan stated: "I am in the process of appealing the order", stated the case number and referred to the order granting summary judgment. We construe *pro se* pleadings liberally; this is sufficient to meet the liberal pleading requirements for a notice of appeal as specified in FED. R. APP. P. 3. *See generally,* **Page v. DeLaune,** 837 F.2d 233, 236 (5th Cir. 1988).

## B.

Thermon Flanigan contends that Christopher Flanigan, the claimed stepson of the insured, should recover the insurance proceeds at issue. Of course, the threshold question is whether Flanigan has standing to appeal. As noted, Christopher Flanigan was represented by an attorney *ad litem*, who determined that Christopher Flanigan was *not* entitled to the proceeds and did *not* appeal the adverse summary judgment. In this regard, Flanigan is *not* appealing in a representative capacity.

To have standing to appeal, a party must be aggrieved by the district court's order. "[A]n indirect financial stake in another party's claim is insufficient to create standing on appeal". **Rohm & Hass Tex. v. Ortiz Bros. Insulation,** 32 F.3d 205, 208 (5th Cir. 1994)(internal citation omitted). Accordingly, as urged by Prudential, as well as in the amicus brief of the parents of the insured, Flanigan does *not* have standing to appeal, because he lacks the requisite stake in the proceedings.

## III.

- 3 -

The pending motions are **DENIED**; the appeal,

*DISMISSED.*